ON SUPERVISORY WRITS TO THE FOURTH JUDICIAL DISTRICT COURT, PARISH OF OUACHITA
PER CURIAM:
| denied. The claims are repetitive, see La.C.Cr.P. Art. 930.4, and relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. Art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. We attach hereto and make a part hereof the district court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. Art. 930.4 and within the limitations period as set out in La.C.Cr.P. Art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. Art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.Cr.P. Art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his |2right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Hughes, J., would grant the writ in part.
ATTACHMENT
JETATE OF LOUISIANA * PARISH OF OUACHITA * FOURTH DISTRICT COURT
STATE OF LOUISIANA
V.
ROBERT D. JOHNSON
NO. 11-F2424
FILED: JUL 01, 2015
BY: /s/
DEPUTY CLERK
RULING ON APPLICATION FOR POST-CONVICTION RELIEF
On January 23, 2012, the defendant, Robert D. Johnson, was found guilty by a unanimous jury of the crime of armed robbery, and he was subsequently sentenced to sixty (60) years at hard labor without benefits. On August 7, 2013, Defendant’s conviction and sentence were affirmed by the Second Circuit Court of Appeal, and the Louisiana Supreme Court denied his writ application on March 14, 2014, Defendant timely filed an Application for Post-Conviction Relief. Upon receipt of this Application, the Court ordered the *227 State to file any procedural objections it might have or, if there were no procedural objections, to file an answer on the merits in accordance with La. C.Cr.P. Art. 927(A). When the Court did not receive a response from the State, it issued a Supplemental Order directing the State to review its records to determine whether an answer had been filed and, if none had been filed, to do so within fifteen (15) days. The Court has now received the State’s Response to Defendant’s Application for Post-Conviction Relief, filed May 13, 2015, prior to the deadline.
Defendant has now filed a pleading styled “Motion To Grant Petitioner’s Application for Post Conviction Relief Due to State’s Refusal To Comply with Order of this Court”. However, as noted above, the State had filed a response prior to Defendant filing this new pleading. Thus, the Motion, filed June 16, 2015, is moot.
If the Court determines that the factual and legal issues raised in an application for post-conviction relief can be resolved based upon the application, the answer, and the supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the Court, the Court may grant or deny relief without the necessity of an evidentiary hearing or other further proceedings. La. C.Cr.P. Art. 929(A). Having reviewed Defendant’s application, the State’s response, and the documents submitted by both parties as well as the record in these proceedings, the Court determines that it can decide these matters based on said application and answer and relevant portions of the record without the necessity of an eviden-tiary hearing and thus issues the following ruling.
I ¿Defendant’s Application alleges two claims for relief:
1. The evidence was insufficient to support his conviction for Armed Robbery; and
2. His sentence was excessive.
The State objects to both claims on procedural grounds or, in the alternative, on the merits.
CLAIM I
In his first claim for relief, Defendant contends the evidence was insufficient for a conviction because the reactions of store employees on a surveillance video were inconsistent with their testimony that Defendant was armed with a dangerous weapon. As noted by the State in its response to this claim, this issue was fully argued and litigated on appeal, and the Second Circuit Court of Appeal rejected the claim. Issues which have been fully litigated in an appeal from the proceeding leading to the judgment of conviction and sentence may not be considered again on post-conviction relief, La. C.Cr.P. Art. 930.4
CLAIM II
Next, Defendant argues his sentence is excessive because of the low value of the items taken in the robbery. This issue was also fully litigated in Defendant’s direct appeal, and the Second Circuit found the sentence not to be excessive given Defendant’s extensive criminal history. This claim, too, is procedurally barred for the reason stated in the preceding paragraph.
Therefore, for the foregoing reasons, Defendant’s Application for Post-Conviction Relief is hereby DENIED,
*228 THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 29th day of June, 2015.
/s/ C. WENDELL MANNING JUDGE, SECTION 1, DIVISION F
Please serve: Roben D. Johnson, #375369 David Wade Correctional Center 670 Dell Hill Road Homer, Louisiana 71040-2150 Michael J. Fontenot Assistant District Attorney Fourth Judicial District Court P.O. Box 1652 Monroe, Louisiana 71201